IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>    **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**TESKA KEY,** )<br>)<br>    **Defendant.** )<br>)<br>) | No. 15-20288-SHM-tmp |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court by order of reference is defendant Teska Key's Motion to Suppress, filed on April 15, 2016. (ECF No. 32.) The government responded in opposition on May 31, 2016. (ECF No. 37.) Key filed a reply on June 2, 2016, to which the government filed a sur-reply on June 9, 2016. (ECF Nos. 39 & 40.) On June 13, 2016, the court held a suppression hearing. (ECF No. 41.) The court heard testimony from United States Postal Service Inspector Kyle Parker and admitted into evidence one exhibit.

The court has now considered the memoranda of law filed in support of and in opposition to the motion to suppress, the testimony of Inspector Parker, the exhibit presented at the suppression hearing, and the applicable law. The court hereby

submits the following proposed findings of fact and conclusions of law, and recommends that the motion to suppress be denied.

## I. PROPOSED FINDINGS OF FACT

### A. Investigation and Search Warrant

In July 2015, the United States Postal Inspection Service initiated an investigation involving theft of over $300,000 worth of property belonging to Brother International, an office equipment manufacturer, by defendant Teska Key. As a result of that investigation, on August 6, 2015, Tennessee Criminal Court Judge Paula Skahan signed a search warrant for Key's residence, located at 4909 Noel Mission, Memphis, Tennessee. The investigation revealed that Key resided at this residence with his wife, Jacqueline Key, who worked as the shipping manager at the Brother International warehouse in Bartlett, Tennessee.[1] The affidavit submitted in support of the warrant provided as follows:

> On July 21, 2015 US Postal Inspector K. Parker began an investigation at the request of Brother International (7777 Brother Blvd) in regards to a systematic theft occuring [sic] within the last two years. Investigators discovered that a male known as Teska Key was posting large numbers of Brother products on Ebay and Amazon for sale. US Postal made a total of 5 on line [sic] buys from "Officesupplynetwork["] on Ebay. Once the packages were received it was discovered that the items were on

---

[1] In this Report and Recommendation, defendant Teska Key will be referred to as "Key," and his wife will be referred to as "Jacqueline Key."

> Brothers Inventory as missing/stolen. The paypal
> account where the buy money was sent to had the name
> of Teska Key on the reciept [sic]. Research revealed
> that Teska Key resides at 4909 Noel Mission, Memphis,
> Tn 38125 and is married to Jacqueline Marshall Key.
> It was also discovered that Jacqueline Key is the
> shipping manager at the Brother International
> warehouse in Bartlett, TN. Investigators had active
> surveillance on Teska Key once the buys were made. A
> total of 5 [undercover] buys have been made from Teska
> Key and the payments sent to Teska Key with the last
> buy being sent on July 24, 2015. Teska Key was
> followed from 4909 Noel Mission where he travelled to
> Brother International and dropped Jacqueline Key off
> for work. Teska Key was then followed to his home
> where he entered and came back out with a package.
> Teska Key was then followed to a storage unit located
> at 6390 Winchester building 5 unit 5104 where he
> entered and exited after a few minutes. Teska Key was
> then seen to travel to the post office where he mailed
> a package which was subsequently received by US Postal
> Inspectors and found to also be merchandise belonging
> to Brother International. On August 5, 2015 Brother
> Intenational [sic] reported that an additional 10
> Brother programs were missing from the shipping and
> receiving area where Jacqueline Key is the manager.
> Brother International has tracked losses of over
> $300,000 they believe to be from this systematic
> theft. It is the belief of the affiant that Teska Key
> is storing and selling stolen merchandise belonging to
> Brother International at 4909 Noel Mission, shipping
> these items through the US Postal Service, and
> receiving payment through paypal in his name.

(ECF No. 37.) The warrant authorized officers to search for "[a]ssorted 'Brother' computer equipment, programs, toner, shipping containers, shipping envelopes, passwords, computers, electronic storage devices and digital media." (Id.)

Officers executed the search warrant on August 7, 2015. During the search of the residence, officers found a .45 caliber

handgun. The officers seized the handgun because they knew that Key was a convicted felon. Subsequently, on December 10, 2015, a federal grand jury returned a one-count indictment charging Key with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.)

**B.   Motion to Suppress**

Key filed the present motion to suppress on April 15, 2016. (ECF No. 32.) Key argues that the affidavit in support of the search warrant fails to establish probable cause, because the information contained in the affidavit does not demonstrate a sufficient nexus between the suspected criminal activity and the place to be searched. Key asserts that the only references to his residence in the affidavit are the statements that he and his wife live there and that he was seen on one occasion leaving his home with an unidentified package. He contends that "[a]s a matter of fact, the affidavit appears to support an argument that evidence of the crime sought (theft from Brother International) would more likely be found at the storage unit and not the home of the defendant." Key additionally argues that the affidavit is so lacking in probable cause that the good-faith exception to the exclusionary rule established in United States v. Leon, 486 U.S. 987 (1984), should not apply.

Key moves for the suppression of all items seized from his home, including the handgun.[2]

The government filed a response in opposition on May 31, 2015. (ECF No. 37.) In its response, the government reveals that the affidavit in support of the search warrant contains a misstatement of fact. The government explains that the statement, "Teska Key was then followed to a storage unit located at 6390 Winchester building 5 unit 5104 where he entered and exited after a few minutes," is incorrect because Key was not observed leaving his house with the package and proceeding to the storage unit on July 24. Rather, according to the government, Key was observed on July 24 leaving his house with a package and then observed mailing a package at the post office. Although Key was in fact seen at the storage unit by a surveillance team, that observation was made two days earlier, on July 22. The government, however, contends that this misstatement was not included knowingly or intentionally, and that if the court were to excise the misstatement, the affidavit would still contain sufficient facts to establish probable

---

[2]Key also seeks to suppress a silver key recovered by officers from a 2011 Dodge Challenger parked on the property, as well as any statements made by him during or after the search of his home. However, the government has represented that it will not introduce the silver key or any statements made by Key during its case-in-chief. Therefore, Key's motion, to the extent it seeks suppression of the silver key and any statements, is moot.

cause.[3] The government argues that the affidavit establishes a sufficient nexus between Key's residence and the suspected criminal activity.

Key filed a reply on June 2, 2016. (ECF No. 39.) Key requests that the court conduct a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978), "to determine the truthfulness of all remaining sworn statements of fact in the search warrant affidavit." The government filed a sur-reply on June 9, 2016. (ECF No. 40.) The government argues that Key has failed to make the requisite showing to obtain a Franks hearing, because he has not alleged that false information was deliberately or recklessly included in the affidavit or provided proof to support such an allegation.

**C. Suppression Hearing**

The court held a suppression hearing on June 13, 2016. United States Postal Service Inspector Kyle Parker was the only witness to testify at the hearing. The court finds Inspector Parker's testimony to be credible. Inspector Parker testified that he, his supervisor (Inspector Dwight Jones), and a company hired by Brother International (Brewer Detective Service),

---

[3]The government also revealed that the address of the storage unit listed in the affidavit (6390 Winchester, building 5, unit 5104) was incorrect. The correct address is 3686 South Germantown Road, building 5, unit 5104. However, Key does not allege that the inaccurate storage unit address provides a basis to suppress the search.

conducted surveillance of Key, his wife, their residence, and Key's storage unit during the investigation. The individuals involved in the surveillance operation took handwritten notes documenting their observations. These notes were admitted into evidence at the hearing as Exhibit 1.

Inspector Parker testified that he and other team members conducted surveillance of Key throughout the morning and early afternoon on July 24. At some point, surveillance team members advised Inspector Parker that Key was returning to his neighborhood. Inspector Parker then proceeded to Key's neighborhood and parked near his residence. While stationed in his vehicle, he observed Key's garage door open. This observation prompted him to drive by Key's house, at which point he saw Key coming out of his house with a package. He testified that he did not log this observation because he was driving at the time.[4] Inspector Parker testified that he then went to the post office and observed Key mail what appeared to be the same package that Inspector Parker saw Key in possession of at his house moments earlier. The package was later intercepted and the contents were determined to be items stolen from Brother International. Inspector Parker testified that he relayed these

---

[4] At 2:35 p.m. on July 24, Detective Parker wrote in his surveillance notes "Infiniti leaves res." (Exhibit 1.) He testified that this note reflects when he saw Key leaving his home with the package.

events to the officer who later prepared the affidavit for the search warrant.

Inspector Parker also testified regarding the inaccuracies in the search warrant affidavit. He testified that Key was not seen at the storage unit after leaving his house with the package on July 24, contrary to the information in the affidavit. Inspector Parker explained that Key was actually observed at the storage unit on July 22. He also testified that the address for the storage unit on the affidavit was incorrect.

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Probable Cause

Key argues that the affidavit supporting the search warrant fails to establish probable cause because the affidavit does not demonstrate a sufficient nexus between the suspected criminal activity and his residence. Although the parties agree that the statement regarding Key's presence at the storage unit was inaccurate, Key argues that the court must nevertheless review the entire affidavit as submitted to Judge Skahan in deciding whether it contains sufficient probable cause. Key believes that the inclusion of this statement supports his challenge to the sufficiency of the affidavit, in that it raises the possibility that the package sent by Key on July 24 was obtained from the storage unit, rather than from his residence.

The court finds that the affidavit contains sufficient probable cause to support the search of the residence, regardless of whether the misstatement is or is not considered. "[T]o establish probable cause to support a search warrant, there must be some nexus between the suspected illegal activity and the property to be searched." United States v. Kinison, 710 F.3d 678, 683 (6th Cir. 2013) (citing United States v. McPhearson, 469 F.3d 518, 524 (6th Cir. 2006)). In determining whether probable cause exists, the task of the reviewing judicial officer is "to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983); see also United States v. Franklin, 622 F. App'x 501, 508 (6th Cir. 2015). "The standard of review for the sufficiency of an affidavit 'is whether the magistrate had a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited.'" United States v. Greene, 250 F.3d 471, 478 (6th Cir. 2001) (quoting United States v. Davidson, 936 F.2d 856, 859 (6th Cir. 1991)); see also United States v. Ugochukwu, 538 F. App'x 674, 678 (6th Cir. 2013). Search warrant affidavits must be judged based on the totality

of the circumstances, rather than line-by-line scrutiny. United States v. Baechtle, No. 2:13-cr-20054-SHM, 2015 WL 893348, at *7 (W.D. Tenn. Mar. 2, 2015) (citing United States v. Johnson, 351 F.3d 254, 258 (6th Cir. 2003)). Review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit. United States v. Brooks, 594 F.3d 488, 492 (6th Cir. 2010).

As detailed above, the affidavit states that investigators began an investigation in July 2015 of a theft scheme involving Brother International products that occurred over the span of two years and resulted in the loss of over $300,000 in merchandise. During this investigation, investigators learned that Key was advertising numerous Brother International products for sale on the internet. Investigators made five purchases of such products from Key on eBay and noticed that the PayPal account where the money was sent listed Key as the recipient. Once the packages were received by investigators, they discovered that the contents had been stolen from Brother International. Investigators learned that Key was married to Jacqueline Key, who was the shipping manager at the Brother International warehouse in Bartlett, Tennessee. On July 24, Key was observed leaving his home with a package and arriving at a post office, where he mailed a package. The package was

subsequently intercepted and found to also contain stolen Brother International merchandise. Less than two weeks later, on August 5, investigators learned that ten additional Brother International products were missing from the area where Jacqueline Key worked as the shipping manager. Whether Key was observed stopping at the storage unit on July 24 before mailing the package does not detract from the likelihood that evidence of the theft scheme would be found at Key's residence. If anything, that statement would arguably support a search of the storage unit *in addition to* a search of the residence. Based on the totality of the circumstances, the court finds that the information contained in the affidavit establishes a sufficient nexus between the criminal activity and Key's residence.

The court notes that at the suppression hearing, Key argued that Inspector Parker seeing Key leaving his residence with a package on July 24 is critical to the court's determination of whether the affidavit contains probable cause. The court disagrees. Hypothetically speaking, even if the court were to disregard this event, the court would nevertheless find that the affidavit contains sufficient probable cause. "[O]bservations of illegal activity occurring away from the suspect's residence, can support a finding of probable cause to issue a search warrant for the residence, if there is a reasonable basis to

infer from the nature of the illegal activity observed, that relevant evidence will be found in the residence." United States v. Thomas, 989 F.2d 1252, 1255 (D.C. Cir. 1993); see also United States v. Khami, 362 F. App'x 501, 504 (6th Cir. 2010) ("The affidavit need not show sufficient allegations to support a finding that criminal activity is actually occurring at that location, but must include allegations sufficient to show a link between probable criminal activity and that specific location.") (citing United States v. Jones, 159 F.3d 969, 974-75 (6th Cir. 1998)); United States v. Murrey, No. 09-20473, 2010 WL 4683894, at *4 (E.D. Mich. Nov. 10, 2010) ("However, a finding of a nexus does not require the affidavit to allege that the criminal activity took place at the location to be searched."). Here, the affidavit sets forth facts establishing that Key sold stolen Brother International products over eBay on multiple occasions, his wife worked as a shipping manager at the warehouse where these products went missing, both of them lived at the same residence, he was seen mailing a package at the post office containing stolen product, and the theft scheme resulted in a substantial loss of over $300,000 in merchandise. The court can reasonably conclude from these facts that there was a fair probability that Key was storing stolen property at his house to

be sold on eBay. Therefore, the court recommends that Key's motion challenging the sufficiency of the affidavit be denied.[5]

**B. <u>Franks</u> Hearing**

In <u>Franks</u>, the Supreme Court held that a search based on a warrant that contains deliberately or recklessly false allegations is invalid unless the remaining portions of the affidavit provide probable cause. "A <u>Franks</u> hearing is an evidentiary hearing during which defendants are allowed to present evidence concerning the veracity of the challenged statements in the search warrant affidavit." <u>United States v. Kelley</u>, 596 F. Supp. 2d 1132, 1149 (E.D. Tenn. 2009) (citing <u>United States v. Keszthelyi</u>, 308 F.3d 557, 566–68 (6th Cir. 2002)); <u>see also</u> <u>United States v. Brooks</u>, No. 11-cr-20137Ml/P, 2011 WL 7081072, at *3 (W.D. Tenn. Dec. 8, 2011) ("The purpose of a <u>Franks</u> hearing is to allow the defendant to challenge the truthfulness of statements in an affidavit in order to challenge the legality of a search warrant issued on the basis of the affidavit.") (internal quotation marks and citation omitted). As the Sixth Circuit has explained:

> To obtain a <u>Franks</u> hearing, the movant must provide a substantial preliminary showing that a false statement was made either knowingly or intentionally, or with

---

[5]The government argues that even if the affidavit lacks probable cause, the <u>Leon</u> good-faith exception should apply. Based on the finding that the affidavit contains probable cause, the court need not address the <u>Leon</u> good-faith exception.

>reckless disregard for the truth. The movant must *also* show that the allegedly false statements were necessary for the magistrate's determination of probable cause. Therefore, 'if, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required.'

United States v. Mastromatteo, 538 F.3d 535, 545 (6th Cir. 2008) (quoting Franks, 438 U.S. at 171-72) (emphasis in original).

At the suppression hearing, Key alleged that the statement in the affidavit relating to Key being seen leaving his house with a package is inconsistent with the investigators' surveillance notes, and requested a Franks hearing on this basis. The court finds that Key has not made a substantial preliminary showing that this statement was false, much less that it was made knowingly or intentionally, or with reckless disregard for the truth. Key has produced no evidence to support his assertion that the statement was false. Although he cites the omission of any reference to Inspector Parker seeing Key with a package in the surveillance notes, these notes do not contradict the affidavit. Moreover, the court finds credible Inspector Parker's testimony, in which he testified that he saw Key leave his residence with a package. As a final matter, it does not appear to the court that Key has requested a Franks hearing based on the inaccurate statement in the affidavit regarding Key's visit to the storage unit. However, to the

extent that Key requests a Franks hearing on this basis, the court finds that he has not made the necessary preliminary showing. Although the government acknowledges that the statement regarding Key stopping at his storage unit on July 24 is incorrect, as discussed above, the affidavit contains probable cause even without consideration of the statement. Therefore, it is recommended that Key's request for a Franks hearing be denied. See United States v. Bucio-Cabrales, 635 F. App'x 324, 330 (6th Cir. 2016) ("Where the defendant does no more than allege that an affiant made false statements, the defendant is not entitled to a [Franks] hearing.").

### III. RECOMMENDATION

For the above reasons, the court recommends that Key's motion to suppress be denied.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

June 22, 2016
Date

NOTICE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**